UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGINA MARIE NELSON,

    Plaintiff,

v.                                           Case No. 1:19-cv-236

                                             Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

## OPINION

        Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied her application for disability insurance benefits (DIB).

        Plaintiff alleged a disability onset date of July 6, 2015. PageID.29. Plaintiff identified her disabling conditions as fibromyalgia, occipital neuralgia, cervicalgia, "basal thumbs and carpal tunnel both hands," bulging discs cervical spine, arthritis cervical spine, "arthritis, bone on bone right knee," arthritis left knee, and arthritis feet. PageID.205. Prior to applying for DIB, plaintiff completed two years of college and had past employment as an eligibility worker for the State of Michigan.[1] PageID.39, 206. An administrative law judge (ALJ) reviewed plaintiff's application de novo and entered a written decision denying benefits on June 14, 2018. PageID.29-

---

[1] Plaintiff testified that she was a caseworker for Medicaid, food stamps, state disability, state emergency relief, and day care. PageID.63.

40. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ's DECISION

Plaintiff's application for DIB failed at the fourth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset date of July 6, 2015, and that she meets the insured status requirements of the Social

Security Act through December 31, 2020.  PageID.31.  At the second step, the ALJ found that plaintiff had severe impairments of bilateral carpal tunnel syndrome (CTS) status/post release, right knee degenerative joint disease, osteoarthritis, and obesity.  PageID.48.  At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  PageID.32.

The ALJ decided at the fourth step that:

> Claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except she requires a sit/stand option at will; can never climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs, kneel; frequently balance, stoop, crouch, and crawl; can frequently handle and finger bilaterally; with frequent exposure to the non-weather-related extremes of cold and heat, vibration, and humidity.

PageID.32.

The ALJ also found that plaintiff was capable of performing her past relevant work as an eligibility worker.  PageID.39.  This work does not require the performance of work-related activities precluded by plaintiff's residual functional capacity (RFC).  *Id*.  In this regard, the ALJ relied on evidence that plaintiff's past relevant work was "skilled, sedentary to light in exertion." *Id*.  Accordingly, the ALJ determined that plaintiff was not under a disability, as defined in the Social Security Act, from July 6, 2015 (the alleged onset date) through June 14, 2018 (the date of the decision).  PageID.40.

### III. DISCUSSION

Contrary to the Court's direction, plaintiff did not set forth a statement of errors.  Based upon her brief, plaintiff contends that the ALJ's decision is not supported by substantial evidence for three reasons as set forth below.

4

### A. The ALJ must find the basilar thumb issue and left knee to be considered severe impairments.

A "severe impairment" is defined as an impairment or combination of impairments "which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). As discussed, the ALJ found that plaintiff had severe impairments of severe impairments of bilateral CTS status/post release, right knee degenerative joint disease, osteoarthritis, and obesity. PageID.31. Upon determining that a claimant has one severe impairment the ALJ must continue with the remaining steps in the disability evaluation. *See Maziarz v. Secretary of Health & Human Services*, 837 F.2d 240, 244 (6th Cir. 1987). Once the ALJ determines that a claimant suffers from a severe impairment, the fact that the ALJ failed to classify a separate condition as a severe impairment does not constitute reversible error. *Maziarz*, 837 F.2d at 244. An ALJ can consider such non-severe conditions in determining the claimant's residual functional capacity. *Id.* "The fact that some of [the claimant's] impairments were not deemed to be severe at step two is therefore legally irrelevant." *Anthony v. Astrue*, 266 Fed. Appx. 451, 457 (6th Cir. 2008).

Here, plaintiff points out that the ALJ did not classify her basilar arthritis and left knee arthritis as "serious" or "severe" impairments. Plaintiff's Brief (ECF No. 7, PageID.771-772). This omission is not a sufficient basis for reversal. *See Maziarz*, 837 F.2d at 244. While the ALJ did not explicitly find these conditions as severe impairments, he found that plaintiff had severe impairments involving her hands and joints (i.e., bilateral CTS status/post release and osteoarthritis). In addition, ALJ evaluated plaintiff's symptoms and medical treatment related to her hands, thumbs, and knees in determining her RFC. In this regard, the ALJ noted that an electrodiagnostic examination in February 2010 led to a clinical impression of bilateral CTS, left thumb bone on bone phenomenon, and episodic neck pain-burning. PageID.33. The ALJ also

reviewed medical records related to plaintiff's consultation with a rheumatology/osteoporosis specialist in October 2015, which addressed plaintiff's osteoarthritis, allergic rhinitis, asthma, sleep disruption with fibromyalgia, and obesity. *Id*. Plaintiff was treated with conservative treatment measures. PageID.33-34. Plaintiff obtained care for her hand problems, including her basilar joints, commencing in December 2015. PageID.34. After her right carpal tunnel release surgery in January 2016, plaintiff had a left thumb basilar joint arthroplasty with ligament reconstruction and tendon interposition and a left carpal tunnel release in March 2016. PageID.34. The ALJ noted that after the surgery, the position of plaintiff's thumb was "excellent" with no numbness or tingling. *Id*. The ALJ also addressed plaintiff's osteoarthritis, including the arthritis in the left thumb and left knee, during his review of treatment records and medical consultations throughout 2016, 2017 and 2018. PageID.34-39. In this regard, the ALJ noted that

> As late as February 2018, orthopedic records showed bilateral knee pain as her primary complaint. X-rays of the knees showed advanced degenerative arthritis on the right as well as lateral compartment arthritis on the left. There was a progression toward bilateral knee replacement, which claimant did not want. A plan for care otherwise included weight loss, anti-inflammatories, analgesics, and episodic cortisone injections (Ex. 17F).

PageID.36.

In summary, the ALJ performed an extensive review of plaintiff's medical problems associated with her left thumb and left knee in developing the RFC. Given this record, the ALJ's failure to identify plaintiff's basilar arthritis and left knee arthritis as severe impairments is legally irrelevant. *See Maziarz*, 837 F.2d at 244; *Anthony*, 266 Fed. Appx. at 457. Accordingly, plaintiff's claim of error is denied.

### B. The Commissioner's rejection of both treating and consulting testimony is unsupported by substantial evidence.

Plaintiff briefly referred to her treating physician, Dr. Brian Mahany, and a consultative examiner, Dr. Scott Lazzara, and cites the ALJ's decision regarding these two physicians. Plaintiff also cites statements made in an undated and unsigned Family and Medical Leave Act (FMLA) certification form. Plaintiff's Brief (ECF No. 7, PageID.772-773). The form requested short answers to 10 questions. PageID.356. The answers relevant to plaintiff's claim are as follows: plaintiff's condition commenced on July 6, 2015; her condition will last from "months – lifetime"; plaintiff was referred to a rheumatologist; and, plaintiff's diagnosis was carpal tunnel syndrome, fibromyalgia, and osteoarthritis. PageID.356.

The ALJ addressed Dr. Mahany's opinions, the FMLA certification, and Dr. Lazzara's opinions as follows:

> As for the opinion evidence, I gave little weight to the various "work restrictions" dated in 2015 from Brian Mahany, D.O. in that they were not intended to be durational in nature and were expected to improve in a short period (Ex. 4F).
>
> I gave no weight to the partial FMLA certificate as found in Exhibit 4 F, pg. 11. Despite a finding for disability due to CTS, fibromyalgia, and osteoarthritis, it was unclear who completed the form or when. Regardless, conclusions regarding disability or ability to work are exclusively reserved for the Commissioner.
>
> I gave great weight to the consultative examination findings from Dr. Lazzara, dated in August 2016, to the extent that claimant had a severe knee and cervical spine condition, she was overweight, had bilateral CTS requiring aggressive post-operative care, she remained neurologically stable, and she had functional limitations when sitting, standing, bending, carrying, stooping, and squatting. Although this assessment may overstate the extent of claimant's limitations in certain respects (i.e., carry less than 10 pounds, sit for 4-hours of 8, stand 2-4 hours of 8), I find great weight appropriate as it confirmed that claimant had severe conditions and limitations, just not to the degree adopted in the RFC herein. The examining source also had program familiarity that was within his area of expertise and his opinion was consistent with the overall evidence of record (Ex. 9F).

PageID.38.

Plaintiff claims that the FMLA form indicates that her condition could last up to a "lifetime," that Dr. Lazzara's opinion did not provide a basis for concluding that plaintiff could perform light work, and that the RFC determination that plaintiff "is capable of frequent use of the hands for fingering and manipulation makes no sense on the record." PageID.772-773. Plaintiff provided no argument with respect to the legal standards applicable to either treating physicians or consulting physicians.

While plaintiff cites the ALJ's decision regarding Dr. Mahany's work restrictions (Exh. 4F), she does not address them.

The ALJ properly rejected the cryptic statements on the FMLA certification form. There is no evidence as to who prepared the FMLA form. Furthermore, even if Dr. Mahany had prepared the certification, the ALJ would not be bound by the doctor's conclusion that plaintiff was unable to work up to a "lifetime". *See* 20 C.F.R. § 404.1527(e)(1) ("[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean that [the Commissioner] will determine that you are disabled'). Such statements, by even a treating physician, constitute a legal conclusion that is not binding on the Commissioner. *Crisp v. Secretary of Health and Human Servs.*, 790 F.2d. 450, 452 (6th Cir. 1986). The determination of disability is the prerogative of the Commissioner, not the treating physician. *See Houston v. Secretary of Health and Human Servs.*, 736 F.2d 365, 367 (6th Cir. 1984).

Plaintiff provides no argument to support her claim that the ALJ's fingering and manipulation limitations "make no sense." The Court considers this issue waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones.").

Finally, plaintiff raises the issue of how the ALJ concluded that she could perform light work, which "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." *See* 20 C.F.R. § 404.1567(b). Plaintiff notes that Dr. Lazzara's opinion does not support light work, because it limits plaintiff to carrying less than 10 pounds and indicates that plaintiff could not perform sedentary work. *See* 20 C.F.R. § 404.1567(a) ("Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.").

The record reflects that the ALJ adopted the opinion of non-examining state agency physician Shanti Tanna, M.D., who concluded that plaintiff could perform light work:

> I gave partial weight to the State agency conclusions of Shanti Tanna, M.D., dated August 2016, to the extent that claimant had severe physical impairments, was restricted to range of light exertion work, and could frequently handle on the left. The medical evidence of record largely supports this conclusion. However, the conclusion that claimant was not limited when handling on the right or when fingering bilaterally was inconsistent the medical evidence as a whole because the examiner was not *privy [sic] to all the evidence at the time of his evaluation, and this evidence showed that claimant had more severe and limiting symptoms. Therefore, I find that partial weight is appropriate for this opinion (Ex. 3A).

PageID.39. Plaintiff does not dispute Dr. Tanna's opinion, which provides substantial evidence to support the ALJ's determination that she could perform a range of light work. Accordingly, plaintiff's claim of error is denied.

### C. The ALJ erred at step four

As discussed, at step four of the sequential evaluation, the ALJ found that plaintiff could perform her past relevant work as an eligibility worker, which was defined as "sedentary to light in exertion." PageID.39. Plaintiff's brief sets forth statements regarding this determination such as, "[t]here is no evidentiary foundation to establish that claimant can perform a full range of light work," and that "[e]ven if claimant is found capable of performing sedentary work, there is

9

no evidentiary foundation to determine that there is very little vocational adjustment required." *See* PageID.770-771. Plaintiff, however, fails to develop any argument to demonstrate that the ALJ's decision at step four was not supported by substantial evidence. Accordingly, the Court deems this claim, such as it is, to be waived. *See McPherson*, 125 F.3d at 995-96.

## IV. CONCLUSION

Accordingly, the Commissioner's decision will be **AFFIRMED**. A judgment consistent with this opinion will be issued forthwith.

Dated: March 30, 2020 /s/ Ray Kent
United States Magistrate Judge